# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST SIMS, | 1:07-cv-01775-LJO-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| GRANNIS, et. al., | (Doc. 1) |
| Defendants. / | |

## I. SCREENING ORDER

Ernest Sims ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on December 6, 2007. (Doc. 1.)

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently housed at Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. At the time of the issues complained of in his complaint, Plaintiff was a state prisoner at Wasco State Prison ("WSP") in Wasco, California. Plaintiff names defendants Inmate Appeals Branch Chief N. Grannis, Correctional Officer Raydon McCoy, Lieutenant L.R. Peterson, Captain T. Ellis, WSP Associate Warden J.Haviland, CCII Appeals Coordinator Andrew S. Altnow, Chief Inmate Appeals Examiner P. Enriquez, and Does 1 through 7. Plaintiff seeks injunctive, declaratory, and monetary damages.

Plaintiff's allegations revolve around two incidents in which he was issued a "CDC 115 Rules Violation Report (RVR)" for indecent exposure. The same day as each incident, he was placed in Administrative Segregation ("Ad-Seg") pending hearing and adjudication of the applicable RVR. Plaintiff complains of both subsequent disciplinary hearings.

Plaintiff fails to state any cognizable claims, but may be able to amend to correct the deficiencies in his pleading. Thus, he is being given the applicable standards based on his stated claims for relief and leave to file a first amended complaint.

///

///

### C. Plaintiff's Complaint

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clarify which Defendant(s) he feels are responsible for any violation(s) of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Plaintiff mentions a number of prison personnel in his factual allegations whom he has not named and/or identified as defendants in this action. If Plaintiff intends to pursue claims against these persons, he must appropriately identify them as defendants in this action. Further, Plaintiff must specifically identify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights. Plaintiff generally alleges that "Defendants" have violated various of his constitutional rights. Where there are a number of diverse defendants and a number of allegations, claims which vaguely refer to "defendants" or "other responsible authorities" will not suffice to place any defendant on notice of a plaintiff's claims so as to prepare a defense. McHenry v. Renne 84 F.3d 1172 (9th Cir. 1996).

Plaintiff names Appeals Coordinator Andrew S. Altnow and Chief Inmate Appeals Examiner P. Enriquez as defendants, but he fails to link either of them to any of his factual allegations. Both Appeals Coordinator Andrew S. Altnow and Chief Inmate Appeals Examiner P. Enriquez are dismissed for Plaintiff's failure to link them to any affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**2. Fourteenth Amendment**

**a. Due Process**

Plaintiff's First Claim for Relief alleges that his rights to due process were violated. (Doc. 1, pg. 16.)

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

The allegation that Plaintiff was placed in administrative segregation does not state a claim for relief based on deprivation of due process. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Further, Prisoners may be housed in Administrative Segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) – overruled on other grounds.

As to the first 115 RVR, Plaintiff alleges he was held in Ad-Seg for a total of one-hundred twenty-one days during the process of investigation, hearing, and his appeal of the guilty

verdict thereon. (Doc. 1, pg. 9.) As to the second 115 RVR, Plaintiff alleges he was placed and held in Ad-Seg for only three days – from the date of the incident to the date Defendant Ellis found that the circumstances did not substantiate the charge. (Id. at pg. 11.) These allegations do not state a cognizable claim for violation of Plaintiff's right to due process as he fails to establish that he was deprived of a liberty interest.

Plaintiff's Fifth Claim for Relief alleges he was deprived of his rights ". . . Under State Law Created Liberty Interest." (Doc. 1, pg. 17.) However, in Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Further, the Ninth Circuit has held that while "[s]ection 1983 . . . creates a cause of action for violations of the federal Constitution and laws . . . [t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). Thus, Plaintiff fails and is unable to state a cognizable claim for violation of his rights to due process for deprivation of any liberty interest created by state law.

### b. Inmate Appeals

Plaintiff appears to grieve the processing, and reviewing of his 602 inmate appeals that he filed regarding the hearings and rulings on the 115 RVRs.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-

84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals. All Defendants who appear to have been named solely for their actions processing and/or reviewing his inmate appeals (Defendants N. Grannis, T. Ellis, and J. Haviland) are properly dismissed.

///

### c. Equal Protection

Plaintiff's Fourth and Fifth Claims for Relief allege that his rights to equal protection of the laws were violated. (Doc. 1, pg. 17.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to state a cognizable claim under the Equal Protection Clause as he fails to show that he is a member of a protected class, or is a member of an identifiable class who was intentionally treated different from others similarly situated without rational basis therefor.

///

### 3. Retaliation

Plaintiff's Third Claim for Relief alleges that he was subjected to unconstitutional retaliation. (Doc. 1, pg. 16.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff fails to state a cognizable retaliation claim as he fails to show that he was subjected to any adverse action as a result of having engaged in protected conduct.

### 4. Conspiracy

Plaintiff's Sixth and Seventh Claims for Relief allege that he was the victim of a conspiracy. (Doc. 1, pp. 17-19.)

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened

pleading standard to plaintiff's allegations of conspiracy. <u>Empress LLC v. City and County of San Francisco</u>, 419 F.3d 1052, 1056 (9th Cir. 2005); <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Id</u>. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that the defendants conspired to violate a plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff does not state factual allegations to show that any of the defendants had an agreement amongst each other to violate his constitutional rights. Further, even if he had stated sufficient allegations to show such an agreement, Plaintiff has not stated a cognizable claim to establish an actual deprivation of his constitutional rights.

**5. Cruel & Unusual Punishment**

Plaintiff's Second Claim for Relief alleges that he was subjected to cruel and unusual punishment. (Doc. 1, pg. 16.)

One who makes a claim of cruel and unusual punishment must show that the state has created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (See <u>Johnson v. Phelan</u>, 69 F.3d 144, 147 (1995) citing: <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (internal quotations omitted) see also <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981); <u>Wilson v. Seiter</u> 501 U.S. 294, 289-300 (1991); <u>Helling v. McKinney</u> 509 U.S. 25 (1993). Plaintiff does not allege any facts to show that he was pointlessly subjected to a risk or actual infliction of pain.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and

only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825,847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

It appears that Plaintiff might intend to allege that the conditions of his confinement in Ad-Seg violated his rights under the Eighth Amendment. To that end, Plaintiff alleges that in Ad-Seg, he was confined in his cell for 23 hours a day, whereas general population inmates were confined in their cells for 18 hours a day; and in Ad-Seg, Plaintiff's outdoor activities were restricted to time alone in a small exercise yard with no physical activities, whereas general population inmates were allowed group yard with day-room time to watch T.V., hair and nail clippers, board games and inmate interaction, basketball, exercise bars, access to the running track, and access to religious services. While life in Ad-Seg admittedly may have been less pleasant than life in the general population, none of these deprivations (nor any combination thereof) denied Plaintiff the minimal civilized measure of life's necessities so as to amount to unconstitutional conditions of confinement. Further, Plaintiff was only temporarily deprived of these activities (one-hundred twenty-one days in Ad-Seg). Temporarily unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982). Thus, Plaintiff fails to state a cognizable claim for being subjected to conditions of confinement which might amount to cruel and unusual punishment in violation of the Eighth Amendment.

II. **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

1  Plaintiff must demonstrate in any first amended complaint how the conditions
complained of have resulted in a deprivation of Plaintiff's constitutional rights. See <u>Ellis v.
Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific
terms how each named defendant is involved. There can be no liability under section 1983
unless there is some affirmative link or connection between a defendant's actions and the
claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167
(9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that a first amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this

order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 7, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE